1999 ME 95

**STATE of Maine**

v.

**David CROSS.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 27, 1999.

Decided June 23, 1999.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

Terri M. Kosoff, Westbrook, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Defendant David Cross appeals from judgments entered in the Superior Court (Cumberland County, *Kravchuk, J.*) following a jury verdict convicting him of burglary in violation of 17–A M.R.S.A. § 401 (1983 & Supp.1998) and theft in violation of 17–A M.R.S.A. § 353 (1983). Cross argues that the court violated his constitutional rights by failing to require witness Catherine Leavitt to invoke her Fifth Amendment privilege against self-incrimination in the jury's presence and by excluding Leavitt's affidavit. Finding no violation of Cross's Sixth Amendment right to compulsory process and Fourteenth Amendment right to due process, we affirm the judgments.

[¶ 2] The facts as developed at trial can be summarized as follows: Two employees of the Dunkin' Donuts on Route 302 in Westbrook testified that when they opened the store on the morning of October 19, 1997, the locks on the cash drawer lockers had been cut and approximately $512 was missing from the prior day's cash. The general manager of the store testified that employee Catherine Leavitt, defendant's girlfriend, closed out the shift on the night of October 18 and was responsible for moving the cash drawers to the lockers. Defendant had been an employee of Dunkin' Donuts off and on for three years, but he had been fired approximately one month before the theft. Detective David Roubo of the Westbrook Police Department testified that there were no signs of forced entry into Dunkin' Donuts but that the padlocks on the lockers had been cut.

[¶ 3] When questioned by the police, defendant admitted to the burglary and theft and signed a statement that he had kept a key to the loading door at Dunkin' Donuts after he was terminated and that he entered the Dunkin' Donuts on the night of October 18 with the key and used bolt cutters to cut the locks in order to steal the cash. Defendant told Detective Roubo that Leavitt was not involved in the burglary.

[¶ 4] Following the close of the State's case-in-chief, defendant named Leavitt as his sole witness. Prior to the start of trial, Leavitt's attorney had informed the court that Leavitt would assert her Fifth Amendment privilege against self-incrimination and defendant agreed that Leavitt had the right to assert the privilege. Defendant conducted a voir dire examination of Leavitt outside the jury's presence and established her identity and current employment at Dunkin' Donuts. Leavitt then asserted the privilege and the court ruled that the privilege applied to her current and former employment at Dunkin' Donuts. Defendant asked to question Leavitt and force her to claim the privilege in the presence of the jury. The court denied his request. The court reiterated that defendant retained the right to call Leavitt as a witness and ask her questions relating to matters outside the scope of the privilege. Defendant called Leavitt and established her identity, but asked no other questions. Upon conviction, defendant appealed.

[¶ 5] Contrary to defendant's contention, his constitutional rights were not violated by the court's refusal to require Leavitt to claim her Fifth Amendment privilege against self-incrimination in the presence of the jury. In *State v. Robbins*, 318 A.2d 51 (Me.1974), we stated that "[i]t is desirable that a witness' invocation of the privilege before the jury is to be avoided, though it is not per se prejudicial." *Id.* at 57. We added that if, as in this case, "there is a prior indication that a witness may seek to invoke the privilege, the witness should be interrogated outside the hearing of the jury by counsel, and by the Court if necessary." *Id.*

[¶ 6] Our evidentiary rules add further emphasis to this same principle: "In criminal cases tried to a jury, proceedings shall

be conducted, to the extent practicable, so as to facilitate the making of claims or privilege without the knowledge of the jury." M.R. Evid. 512(b). We endorse the view of the Supreme Judicial Court of Massachusetts that calling a witness "to the stand in the face of his expressed intention to invoke his privilege against self-incrimination would have produced no relevant evidence, while inviting the jury to engage in unwarranted and impermissible speculation." *Commonwealth v. Gagnon,* 408 Mass. 185, 557 N.E.2d 728, 737 (1990) (stating that "a trial judge has no discretion to permit a witness to appear before a jury for the sole purpose of properly invoking his or her privilege against self-incrimination").

[¶ 7] In the present case, the court committed no error in preventing defendant from forcing the witness to invoke the privilege in the presence of the jury. Defendant's Sixth Amendment right to compulsory process does not provide him with "an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois,* 484 U.S. 400, 410, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988). Neither defendant's right to compulsory process nor his right to due process was violated by the court's action in this case.

[¶ 8] Finally, the court did not violate defendant's constitutional rights by excluding Leavitt's affidavit inculpating herself and exculpating defendant because there were not sufficient corroborating circumstances to ensure the trustworthiness of the statement as required by M.R. Evid. 804(b)(3). *See* M.R. Evid. 804(b)(3) ("A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.").

The entry is:

Judgments affirmed.